IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV358-1-MU

| | |
|---|---|
| WILLIAM R. COOK, )<br>)<br>      Petitioner, )<br>)<br>v. )<br>)<br>RICK JACKSON, )<br>)<br>      Respondent. )<br>)  | **O R D E R** |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed August 4, 2008.

## PROCEDURAL BACKGROUND

On March 9, 2006, in the Superior Court of Burke County, Petitioner pled guilty to felony larceny and felony hit and run and admitted his status as a habitual felon. The Superior Court judge consolidated the sentences against the defendant into one judgment and sentenced Petitioner to a minimum of 84 months and a maximum of 110 months. According to Petitioner,[1]

---

[1] The procedural history recounted by the Court is taken from Petitioner's federal habeas petition and exhibits. However, the dates set forth by Petitioner regarding his alleged direct appeal do not make logical sense to the Court and Petitioner gives the same case number for both his alleged direct appeal and his MAR. After some research the Court is of the impression that Petitioner did not file a direct appeal. First, the Court notes that Petitioner pled guilty and therefore did not have an appeal of right to the Court of Appeals. Moreover, an electronic database search does not reveal any direct appeal filings by Petitioner. In addition, the Superior Court does not reference a direct appeal in its detailed order denying petitioner's MAR. Finally, the only filing the North Carolina Court of Appeals has on record is the Petition for Writ of Certiorari concerning the denial of Petitioner's MAR. Nevertheless, although the lack of a direct appeal would most likely render Petitioner's federal habeas petition untimely, for purposes of this Order, such information is not relevant. That is, regardless of whether or not Petitioner filed a

the North Carolina Court of Appeals denied Petitioner's direct appeal on April 11, 2008, and on June 11, 2008, the North Carolina Supreme Court denied Petitioner's Writ of Certiorari. On January 31, 2008, Petitioner filed a Motion for Appropriate Relief (MAR) in the Superior Court of Burke County which was denied on February 25, 2008. On March 24, 2008, Petitioner filed a Petition for Writ of Certiorari with the North Carolina Court of Appeals which was denied on April 10, 2008. On May 20, 2008, Petitioner filed a Petition for Discretionary Review with the North Carolina Supreme Court which was denied on June 11, 2008.

On July 14, 2008, Petitioner filed the instant federal habeas petition with this Court. In his federal habeas petition Petitioner asserts that his due process rights were violated because the North Carolina Court of Appeals denied him relief without allowing him to respond as provided by the Federal Rules of Appellate Procedure. Petitioner also alleges that the trial court erred when it failed to consider his acceptance of responsibility as a mitigating factor. Petitioner also alleges that the trial court miscalculated his prior record level. Finally, Petitioner alleges that the trial court erred in considering him a habitual felon because although he stipulated to being a habitual felon he did not plead to such status.

## LEGAL ANALYSIS

**I. INITIAL REVIEW AUTHORITY**

Pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings, district courts are directed to promptly examine federal habeas petitions and any attached exhibits in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss

---

direct appeal, his federal habeas claims still lack merit for the reasons set forth in this Order.

2

the motion.

Following such directive, this Court has reviewed Petitioner's federal habeas petition and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to any relief on his claims.

## II. APPLICABLE LAW

The threshold inquiries for a federal court reviewing a federal habeas petition are whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are procedurally barred. 28 U.S.C. § 2254. In order to exhaust a claim a petitioner must have fairly presented it to the state courts. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000), cert. denied, 531 U.S. 1193 (2001).

If a petitioner's claim is unexhausted, it may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court. See id. However, when the procedural bar that gives rise to exhaustion provides an independent and adequate state law ground for the conviction and sentence it prevents federal habeas review of the defaulted claim unless the petitioner can establish cause and prejudice for the default. See id.

If a petitioner's claims are exhausted and not procedurally barred, the federal court must next examine whether or not the petitioner's claims were "adjudicated on the merits" by the state court. If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in 28 U.S.C. § 2254(d) applies. If a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on

the merits,[2] a federal court reviews the claims questions of law and mixed questions of law and fact de novo.  Angelone v. Weeks, 176 F.3d 249, 258 (4th Cir. 1999), aff'd, 528 U.S. 225 (2000).

The standard of review set forth in § 2254(d) is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree."  Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999).  The standard of review is "quite deferential to the rulings of the state court."  Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001), cert. denied, 535 U.S. 1104 (2002).  This deference extends to summary dismissals.  See Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001).

Pursuant to § 2254(d) a federal court may not grant a writ of habeas corpus unless the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ."  Id. (internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  Williams v. Taylor, 529 U.S.

---

[2] If the state court has not ruled on the merits of a claim because it has expressly denied a habeas petitioner's claim based upon an independent and adequate state procedural rule such claim is considered procedurally defaulted in federal court.  See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

### A. Opportunity to Respond

Petitioner asserts that his due process rights were violated because the North Carolina Court of Appeals denied him relief without allowing him to respond to the state's response as provided by the Federal Rules of Appellate Procedure.

The Federal Rules of Appellate Procedure have no applicability in the state appellate procedure process. As such, any alleged violation of the Federal Rules of Appellate Procedure fails to state a cognizable federal habeas claim.[3]

### B. Mitigating Factor

Petitioner also alleges that the trial court erred when it failed to consider his acceptance of responsibility as a mitigating factor.

As an initial matter, this Court notes that this claim fails because it is a matter of state law. Misapplications of state law are not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Thomas v. Taylor, 170 F.3d 466, 470 (4th Cir.), cert. denied, 527 U.S. 1016 (1999).

Moreover, even if Petitioner's claim was cognizable, it would be denied pursuant to 28 U.S.C. § 2254(d). Petitioner raised the substance of his present contention in his MAR and it

---

[3] It also does not appear that Petitioner has exhausted this claim.

was denied.[4] Petitioner cites no Supreme Court precedent which clearly supports his argument. Nor does Petitioner point to any specific facts which he contends the state court unreasonably determined. The state's adjudication is not contrary to, nor involves an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court nor is the state court decision based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings and Petitioner's claim must fail.

### C. Miscalculation of Prior Record Level

Petitioner also alleges that the trial court miscalculated his prior record level. More specifically, Petitioner alleges that the trial court erroneously counted multiple convictions that occurred in a one week time period in violation of North Carolina General Statute § 15A-1340.

Again, this claim fails because it is a matter of state law. Misapplications of state law are not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Thomas v. Taylor, 170 F.3d 466, 470 (4th Cir.), cert. denied, 527 U.S. 1016 (1999).[5]

### D. Habitual Felon Status

Petitioner also alleges that the trial court erred in considering him a habitual felon because although he stipulated to being a habitual felon he did not plead to such status.

Again, this claim fails because it is a matter of state law. Misapplications of state law are not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)

---

[4] A review of the record reveals that Petitioner was sentenced in the mitigated range

[5] It also does not appear that Petitioner has exhausted this claim.

("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); <u>Thomas v. Taylor</u>, 170 F.3d 466, 470 (4th Cir.), <u>cert. denied</u>, 527 U.S. 1016 (1999).

Moreover, even if Petitioner's claim was cognizable, it would be denied pursuant to 28 U.S.C. § 2254(d). Petitioner raised the substance of his present contention in his MAR and it was denied. Petitioner cites no Supreme Court precedent which clearly supports his argument. Nor does Petitioner point to any specific facts which he contends the state court unreasonably determined. The state's adjudication is not contrary to, nor involves an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court nor is the state court decision based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings and Petitioner's claim must fail.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

Signed: August 13, 2008

Graham C. Mullen
United States District Judge